UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CAROLINE AMOS                                                                                    PLAINTIFF

VERSUS                                                           CIVIL ACTION NO. 3:24-CV-90-TSL-RPM

JAMES LAVERT ARON                                                                           DEFENDANT

## REPORT AND RECOMMENDATIONS

This matter is before the Court *sua sponte* in consideration of subject matter jurisdiction. Plaintiff Caroline Amos initiated this action on February 13, 2024, alleging medical negligence against Defendant James Lavert Aron, MD. Doc. [1]. She alleges that Dr. Aron negligently performed a ring-removal procedure on June 14, 2021, causing her to lose all movement in the middle finger of her left hand. *Id.* She is proceeding *pro se* and *in forma pauperis*.

When completing the civil cover sheet, Plaintiff failed to check a box indicating the basis for this Court's jurisdiction. Doc. [1-1]. But "[t]he mere selection," or non-selection in this case, of a basis for "jurisdiction on the civil cover sheet is not controlling." *Stewart v. Treasure Bay, LLC*, No. 1:16-CV-261, 2017 WL 487032, at *3 (S.D. Miss. Feb. 6, 2017). Instead, the Court considers whether Plaintiff's pleadings have set forth a valid factual or legal basis for jurisdiction. *Id.* Upon initial review of Plaintiff's Complaint, it was not apparent whether this Court had subject matter jurisdiction.

Federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *See Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020). Because it appeared that this Court lacked subject matter jurisdiction, the Court *sua sponte* entered an Order to Show Cause requiring Plaintiff to state the basis of this Court's jurisdiction and provide

sufficient facts to state a plausible claim for relief. Doc. [6] Plaintiff filed a Response reiterating some of the factual allegations contained in her Complaint. Doc. [7]. However, she did not address the Court's concerns regarding subject matter jurisdiction. The Court entered a Second Order to Show Cause, requiring Plaintiff to respond in writing and state the basis of this Court's jurisdiction. Doc. [8]. Particularly, the Court asked Plaintiff to allege a basis for this Court's jurisdiction, i.e., federal question or diversity jurisdiction. *Id.* Plaintiff failed to respond. The Court then entered a Third and Final Show Cause Order, giving Plaintiff an additional opportunity to respond. Doc. [9]. On May 24, 2024, Plaintiff responded. Doc. [10]. She attached an amended civil cover sheet and checked the box for diversity as the basis for this Court's jurisdiction. Doc. [10-1] at 2.

Federal courts are courts of limited jurisdiction and must presume that a suit lies outside their limited jurisdiction. *See Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019). As the party invoking subject matter jurisdiction, Plaintiff bears the burden of establishing its existence. *See United States ex rel. King v. Solvay Pharm., Inc.*, 871 F.3d 318, 325 (5th Cir. 2017). Furthermore, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* To prevent this, section 1915(e)(2) authorizes federal courts to dismiss a claim filed *in forma pauperis* "if the action or appeal is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In her most recently filed pleading, Plaintiff alleges diversity as the basis for this Court's jurisdiction. In order for the Court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332,

2

"'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side' at the time the complaint was filed." *Soaring Wind Energy*, 946 F.3d at 750 (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008)).  Here, there is a lack of complete diversity because, according to Plaintiff's Complaint, both Plaintiff and Defendant are citizens of Mississippi.[1]  Doc. [1] at 1.  Therefore, this Court lacks diversity jurisdiction.  Additionally, Plaintiff's Complaint does not raise issues of federal law.[2]  *See Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 278 (5th Cir. 2010) ("In determining whether a case arises under federal law, we look to whether the 'plaintiff's well-pleaded complaint raises issues of federal law.'"); 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Therefore, this Court also lacks federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Accordingly, Plaintiff's action must be dismissed for lack of subject matter jurisdiction.  *See Gilbert v. Bartel*, 273 F. App'x 413, 413 (5th Cir. 2008) ("A case that does not present either federal question or diversity jurisdiction is subject to dismissal for lack of subject matter jurisdiction."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## **RECOMMENDATION**

The undersigned recommends that Plaintiff Caroline Amos' Complaint be dismissed without prejudice for lack of subject matter jurisdiction.

---

[1] Plaintiff's Complaint states that she is "an adult resident citizen" of Hinds County, Mississippi and that Dr. Aron is "an adult resident citizen" of Hinds County, Mississippi.  Doc. [1] at 1.  She reiterates this in her Response filed on May 24, 2024.  Doc. [10] at 1.

[2] The Court notes that Plaintiff cites to 22 U.S.C. § 2702 in her amended civil cover sheet.  Doc. [10-1] at 2.  But this statute "provides certain remedies and procedures for malpractice actions brought against the United States based on the malpractice of personnel of the Department of State."  *Holmes v. Hollis*, No. 23-1867, 2023 WL 6976888, at *3 (E.D. La. Oct. 23, 2023).  Thus, this statute concerns medical personnel employed with the Department of State.  *See U.S. v. Smith*, 499 U.S. 160, 171 n.11 (1991).  Plaintiff's Complaint does not allege nor does it indicate that Dr. Aron was an employee of the Department of State.

3

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 2nd day of July 2024.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE